UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VALARIE KNIGHTEN,

        Plaintiff,

        v.

ILLINOIS DEPARTMENT OF HUMAN
SERVICES,

        Defendant.

No. 25 CV 9867

Judge Manish S. Shah

MEMORANDUM OPINION AND ORDER

Plaintiff Valarie Knighten filed this lawsuit against her employer, the Illinois Department of Human Services, for discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act. Defendant moves to dismiss under Rule 12(b)(6) for failure to state a claim. For the reasons discussed below, the motion is granted in part and denied in part.

## I.    Legal Standards

Federal Rule of Civil Procedure 12(b)(6) governs dismissals based on failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a complaint's sufficiency, courts

"accept as true all well-pled facts and make any reasonable inferences in the non-movant's favor." *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 664 (7th Cir. 2022). However, I disregard "[t]hreadbare recitals" supported only by conclusory statements. *Iqbal*, 556 U.S. at 678.

## II.    Background

The Illinois Department of Human Services hired Knighten as an Administrative Assistant II in February 2023. [1] ¶ 9.[1] Plaintiff alleges that she has a disability as defined under the ADA and that her employer was apprised of her disability. [1] ¶ 8. Plaintiff added that she had to learn to speak again after being diagnosed with cancer. [1] ¶ 11.

Knighten's supervisor was Angela Johnson. [1] ¶ 10. Plaintiff alleges that she requested and was "denied ADA accommodation as to her disabilities, and the same was even used by Ms. Johnson to falsely suggest insubordination." [1] ¶¶ 34, 11. Johnson insulted or belittled plaintiff by telling her that she could not talk and that she does not know how to talk. *See* [1] ¶ 12.

Johnson gave Knighten a low performance evaluation without any factual basis. [1] ¶ 13. Plaintiff contends that the evaluation included false allegations and that Johnson verbally attacked Knighten and told her to shut up. [1] ¶ 13. Plaintiff told Johnson that she was making her work environment hostile and then reported Johnson to the Office of Clinical Administrative and Program Support Director's

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the complaint, [1].

Office. [1] ¶¶ 14–15. Knighten then filed a discrimination complaint with the Civil Affairs Department against Johnson. [1] ¶ 16. Jonhson was forced to complete a new evaluation for plaintiff. [1] ¶ 17.

After the above incidents, plaintiff was harassed and subjected to disparate treatment by Johnson, including being ignored and hung up on. [1] ¶ 18. Since being hired, plaintiff has always performed her job satisfactorily and within defendant's legitimate expectations. [1] ¶ 19. Plaintiff contends that she was discriminated against and subjected to disparate treatment because of her disability. [1] ¶¶ 20–21. She also contends that she was retaliated against for requesting accommodation for her disability. [1] ¶ 20.

## III.  Analysis

### A.  Count I: Disability Discrimination and Failure to Accommodate

#### 1.  *Qualified Individual with a Disability*

Defendant first argues that Knighten's disability discrimination claims should be dismissed because she fails to allege that she was a qualified individual with a disability under the ADA. A plaintiff charging violation of the ADA must allege that (1) she is an individual with a disability, (2) qualified to do her job with or without a reasonable accommodation, who (3) suffered an adverse employment action (4) because of her disability. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). In order to give the defendant fair notice of her claim, she must identify her disability. *Id.* at 346.

Defendant argues that Knighten "provides no facts to support a plausible inference that she was a qualified individual with a disability." [9-1] at 4. Knighten's conclusory allegation that she "has a disability as defined under the ADA," [1] ¶ 8, is not standing alone a sufficient allegation. But she includes other facts to permit a reasonable inference that she had a disability: Knighten states that when she was diagnosed with cancer, she had to learn to speak again. [1] ¶ 3.

Under the ADA, an individual is disabled when she has a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(1). "Disability" should be construed in favor of broad coverage, and the term "substantially limits" should not demand extensive analysis. 42 U.S.C. § 12102(4)(A), (B). Speaking is a major life activity. *Id.* § 12102(2)(A). Knighten has plausibly alleged that she was an individual with a disability, namely a substantial limitation in her ability to speak.

But a plaintiff charging violation of the ADA must do more than allege disability. She must also allege that she is a "qualified individual" who has the requisite qualifications to perform the essential functions of her job, with or without reasonable accommodation, at the time of the employment decision. 42 U.S.C. § 12111(8). Knighten does not list the essential functions of an Administrative Assistant II. She notes that she "always performed her job satisfactorily and within Defendant's legitimate expectation," [1] ¶ 19, but those legal conclusions (seemingly derived from the McDonell Douglas test for a prima facie case of discrimination) do

not address whether plaintiff could perform the essential functions with or without an accommodation.

Knighten argues that "the Complaint expressly alleges Plaintiff was qualified and performed satisfactorily." [18] at 3. Such a bare recitation of the legal standard is not enough to plead that Knighten is a qualified individual under the ADA. *See Bronson v. Ann & Robert H. Lurie Children's Hosp.*, 69 F.4th 437, 448 (7th Cir. 2023) (noting that legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to the presumption of truth). Plaintiff provides no authority to the contrary.[2]

Defendant's motion to dismiss plaintiff's disability discrimination claim under Count I of the complaint is granted. Dismissal is without prejudice.[3]

### 2. Requested Accommodation

Defendant also argues that plaintiff's failure to accommodate claim should be dismissed. To establish a claim for failure to accommodate, Knighten must allege that (1) she is a qualified individual with a disability; (2) her employer was aware of her disability; and (3) her employer failed to reasonably accommodate the disability. *See Schoper v. Bd. of Trustees of W. Ill. Univ.*, 119 F.4th 527, 532 (7th Cir. 2024). As discussed above, plaintiff has failed to adequately allege that she is a qualified

---

[2] In fact, plaintiff does not rely on any legal authority in the argument section of her response brief, further supporting the conclusory nature of her assertions.

[3] A plaintiff who has claims dismissed under Rule 12(b)(6) is ordinarily given at least one opportunity to try and amend her complaint. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015).

individual with a disability and thus her failure to accommodate is similarly dismissed without prejudice.

Knighten's complaint also fails to adequately allege the third requirement of a failure to accommodate claim. Plaintiff contends that she was "denied ADA accommodation as to her disabilities," [1] ¶ 11, but fails to identify any accommodation she sought or how such accommodation would enable her to perform her job. Merely alleging a denial of accommodation is another legal conclusion not entitled to the presumption of truth. *See Bronson*, 69 F.4th at 448.

Plaintiff argues that a failure to accommodate claim need not be specific and alleging that she sought accommodation and defendant failed to reasonably provide it is sufficient to overcome a motion to dismiss. [18] at 4. But "generalized allegations" cannot "permit a factfinder to plausibly infer" that defendant failed to accommodate Knighten. *See Bonds v. Hous. Auth. of Cook Cnty.*, 2023 WL 8184872, at *2 (7th Cir. Nov. 27, 2023). Knighten must allege something more to suggest that defendant failed to reasonably accommodate her disability.

### B. Count II: Retaliation

Finally, defendant argues that Knighten's retaliation claim should be dismissed. [9-1] at 6–8. To establish a claim for retaliation, Knighten must allege that (1) she engaged in a statutorily protected activity; (2) she suffered an adverse action; and (3) a causal connected existed between the two. *Koty v. DuPage Cnty.*, 900 F.3d 515, 519 (7th Cir. 2018).

### 1. *Protected Activity*

Statutorily protected activity under the ADA can range from formal charges to informal complaints, as long as the employer would reasonably understand that the employee is invoking her rights under the ADA. *See Casna v. City of Loves Park*, 574 F.3d 420, 427 (7th Cir. 2009). The employee's invocation of the ADA does not have to be successful—or even correct—to protect the employee from retaliation by their employer. *Koty*, 900 F.3d at 519. Knighten alleges that she engaged in protected activity by reporting her supervisor to the Office of Clinical Administrative and Program Support, filing a discrimination complaint with the Civil Affairs Department, and requesting accommodations. [1] ¶¶ 15–16, 34. These first two examples fail to allege facts permitting a reasonable inference that plaintiff was invoking her rights under the ADA. *See, e.g.*, *Brode v. Xeris Pharms., Inc.*, 2023 WL 7220554, at *4 (N.D. Ill. Nov. 2, 2023). The substance of plaintiff's communications must lead to a reasonable inference that she was complaining of disability discrimination or that she was opposing employer conduct *because* it violated the ADA. *See McHale v. McDonough*, 41 F.4th 866, 871–72 (7th Cir. 2022). Generalized complaints about a supervisor or discrimination (without specifying or suggesting the type of discrimination) are not enough to suggest that the ADA applies.

However, Knighten's third example—that she engaged in protected activity by requesting accommodations—is sufficient at the motion to dismiss stage to plausibly allege the first prong of a retaliation claim. *See Rowlands v. United Parcel Serv.*, 901 F.3d 792, 798 (7th Cir. 2018).

### 2. Adverse Action and Causation

Defendant next argues that Knighten has failed to plausibly allege a claim for retaliation because she "did not suffer an adverse employment action." [9-1] at 7. While low performance evaluations are generally not materially adverse, an adverse action does occur when an employer sets up an employee to fail. *See Arnold v. United Airlines, Inc.*, 142 F.4th 460, 476 (7th Cir. 2025) (citing *Lang v. Ill. Dep't of Child. & Fam. Servs.*, 361 F.3d 416, 420 (7th Cir. 2004)).

Here, beyond the low performance evaluation, plaintiff also alleges that she was harassed and subjected to disparate treatment, including being ignored regarding necessary work-related instruction, hung up on, and belittled. [1] ¶ 18. Whether defendant's treatment of Knighten was more like *Arnold* or *Lang* requires factual development. Rule 12 is not the vehicle to resolve that issue. Knighten's complaint plausibly alleges adverse action.

Finally, a plaintiff must allege that her protected activity was the "but-for" cause of her adverse employment action. *Parker v. Brooks Life Sci., Inc.*, 39 F.4th 931, 936 (7th Cir. 2022). Knighten alleges that she was "retaliated against for participating in a protected activity requesting accommodation for her disability." [1] ¶ 20. Taking these allegations as true, plaintiff received a low performance evaluation and was harassed and ignored because she requested accommodations. This is sufficient to state a claim for retaliation under the ADA. Defendant's motion to dismiss Count II of the complaint is denied.

## IV.     Conclusion

Defendant's motion to dismiss, [9], is granted in part, denied in part. Count I is dismissed without prejudice. Plaintiff has leave to file an amended complaint curing the defects in Count I. Any amended complaint must be filed by June 30, 2026. If an amended complaint is not filed by the deadline, the dismissal of Count I will convert to a dismissal with prejudice and the case will proceed solely on the retaliation claim.


ENTER:

Manish S. Shah

Date: May 4, 2026                           United States District Judge

9